# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:22-cr-00042

BRENDA CREWEY

## MEMORANDUM OPINION AND ORDER

Pursuant to Standing Order entered October 31, 2023, the Court has instituted review of sentence in this matter upon its own motion.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to U.S.S.G. § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of

imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on November 30, 2023, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, addendum to the PSR from the Probation Office, and any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. By its written and filed response [Doc. 58], the United States does not object to the reduction ordered herein.

On November 17, 2022, the Court convened for sentencing. Ms. Crewey's Total Offense Level was calculated to be 25 and she received 0 criminal history points placing her in Criminal History Category I. Based on a Total Offense Level of 25 and a Criminal History Category of I, Ms. Crewey was subject to a guideline imprisonment range of 57 to 71 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Ms. Crewey at the bottom of her then applicable guideline range to 57 months imprisonment.

As to the nature and circumstances of the offense, Ms. Crewey was charged and pled guilty to distribution of a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). In the *Stipulation of Facts* attached to her plea agreement, Ms. Crewey admitted that on February 21, 2020, she sold approximately 4 grams of methamphetamine to a confidential informant.

Respecting Ms. Crewey's history and characteristics, she is fifty-years old and has no criminal history. Since being incarcerated with the Bureau of Prisons, Ms. Crewey has had no disciplinary incidents and has completed the following courses/education: Growth Mindset; Orientation, Awareness, and Housekeeping; Conflict Resolution; and Types of Release. Based upon consideration of the applicable § 3553(a) factors and Ms. Crewey's rehabilitative record to date, the Court concludes Ms. Crewey is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, given the retroactive application of Amendment 821, if sentenced today, Ms. Crewey would receive a decrease of two offense levels for being a "Zero Point Offender" whose offense did not involve specific aggravating factors. A decrease of two offense levels would make her Total Offense Level a 23. Based on a Total Offense Level of 23 and a Criminal History Category of I, Ms. Crewey's newly calculated guideline range would be 46 to 57 months. A guideline sentence at the bottom of this newly calculated range is sufficient but not greater than necessary to meet the goals of sentencing and will afford Ms. Crewey the time necessary for rehabilitation and substance abuse treatment. The Court further concludes Ms. Crewey may potentially benefit from halfway house placement at the necessary time to ease her transition back into the community and thus imposes the following, additional special condition of supervised release:

> That the defendant be placed at the halfway house for a period of up to six months as directed by the probation officer but under the authority of the Court to assist the defendant in transitioning to the community.

Based on the foregoing considerations, the Court **ORDERS** Ms. Crewey's Total Offense Level be decreased by two offense levels, resulting in a new Total Offense Level of 23 and Criminal History Category of I, for a new advisory guideline range of 46 months to 57 months. It is further **ORDERED** that Ms. Crewey's previous sentence be reduced to a period of 46 months, with credit for time served to date, effective February 1, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the Judgment entered November 28, 2022, shall remain in effect. In the event the parties desire to be heard on any matter set forth herein, they may so move on or before January 18, 2024.

The Clerk is **DIRECTED** to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: January 8, 2024

EFFECTIVE: February 1, 2024

Frank W. Volk
United States District Judge